IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

J. DANIEL GONZALES,

    Plaintiff,

vs.                                                         No. CIV 18-1021 JB\KK

RIO RANCHO POLICE DEPT.,
M. HETES, M. ADAMS,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on the Prisoner's Civil Rights Complaint, filed November 2, 2018 (Doc. 1)("Complaint"). The Court will dismiss Plaintiff J. Daniel Gonzales' Complaint without prejudice under rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with statutes, rules, and Court orders, and for failure to prosecute this proceeding.

## FACTUAL AND PROCEDURAL BACKGROUND

Gonzales is an incarcerated prisoner. He filed his Complaint on November 2, 2018. See Complaint at 1. Gonzales also submitted a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on November 2, 2018 (Doc. 2), but he omitted the required six-month inmate account statement. On November 5, 2018, the Court ordered him to cure the deficiency by submitting his account statement. See Order to Cure Deficiency at 1, filed November 5, 2018 (Doc. 3). Gonzales then submitted his inmate account statement. See Response to Order to Cure Defects, filed November 14, 2018 (Doc. 5). The Court granted Gonzales leave to proceed in forma pauperis on May 2, 2019. See Order Granting Leave to Proceed, filed May 2, 2019 (Doc. 8)("Order"). The Court also required Gonzales to make an initial partial payment of

$15.00 or to show cause why he should not be required to make the payment within thirty days of entry of the Order.  See Order at 1.

Gonzales responded to the Order by filing a Motion for Payment Excused, filed May 15, 2019 (Doc. 9).  In his Motion for Payment Excused, Gonzales notified the Court that he was going to be released from custody on June 25, 2019, and that his inmate account was frozen.  See Motion for Payment Excused.  He requested an extension of time to the "first week of July" to make the initial partial payment.  Motion for Payment Excused.  The Honorable Kirtan Khalsa, United States Magistrate Judge for the District of New Mexico, granted his request and ordered that he make the initial partial payment no later than July 8, 2019.  See Order Granting Extension of Time, filed June 13 2019 (Doc. 10).  The copy of the Order mailed to Gonzales at his address of record was returned as undeliverable on June 24, 2019.  See Mail Returned as Undeliverable, filed June 24, 2019 (Doc. 11).  More than twenty days elapsed after the July 8, 2019, payment deadline, and Gonzales did not make the initial partial payment, did not advise the Court of his current address, and did not communicate with the Court.

On July 29, 2019, Judge Khalsa entered an Order to Show Cause, directing Gonzales to show cause, within thirty days of the Order's entry, why this case should not be dismissed for failure to comply with 28 U.S.C. § 1915(b)(1), D.N.M. LR-Civ. 83.6, and Judge Khalsa's May 2, 2019, and June 13, 2019, Orders.  See Order to Show Cause, filed July 29, 2019 (Doc. 12).  More than thirty days has elapsed since entry of the Court's July 29, 2019, Order to Show Cause, and Gonzales has not responded to the Order to Show Cause or otherwise communicated with the Court.

## **THE LAW REGARDING RULE 41(b) DISMISSALS**

The Court may dismiss an action under rule 41(b) for failure to prosecute, to comply with statutes, to comply with the rules of civil procedure, or to comply with court orders. See Olsen v. Mapes, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Pro se litigants are also required to follow the federal rules of procedure and simple, nonburdensome local rules. See Bradenburg v. Beaman, 632 F.2d 120, 122 (10th Cir. 1980). In addition, the local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. See D.N.M. LR-Civ. 83.6.

## **ANALYSIS**

When a prisoner is granted leave to proceed in forma pauperis, § 1915 provides:

> "The court **shall** assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal."

28 U.S.C. § 1915(b)(1) (emphasis added). Gonzales was ordered to make the required partial payment under § 1915(b)(1) or to show cause why the payment should be excused, but he did not comply with statutory requirements or the Court's Orders. Gonzales also was required to follow the federal rules of procedure and simple, nonburdensome local rules, but has not done so. See Bradenburg v. Beaman, 632 F.2d at 122. Last, Gonzales was obligated to keep the Court apprised of his proper mailing address and to maintain contact with the Court, but he has not provided the Court with a current mailing address and he has not communicated with the Court since May 15, 2019. See D.N.M. LR-Civ. 83.6. The Court will dismiss Gonzales' Complaint under Rule 41(b) for failure to comply with statutes, rules, and Court orders, and failure to prosecute this proceeding.

**IT IS ORDERED** that the Prisoner's Civil Rights Complaint filed November 2, 2018 (Doc. 1) is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

J. Daniel Gonzales
Santa Fe, New Mexico

    *Pro Se Plaintiff*